UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUITY RESOURCES, INC.,

      Plaintiff,

v.                                        Civil Action 2:21-cv-5922
                                         Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Chelsey M. Vascura

KELLY M. THOMAN, *et al.*,

      Defendants.

**OPINION AND ORDER**

Plaintiff, Equity Resources, Inc., brings this action against Defendant, T2 Financial, LLC, d/b/a Revolution Mortgage, asserting violations of the federal Defend Trade Secrets Act, as well as several state-law claims. This matter is before the Court on Defendant Revolution Mortgage's Motion for Leave to File Counterclaim (ECF No. 39). For the reasons that follow, Revolution's Motion is **DENIED**.

Equity Resources, Inc., generally alleges that several of its former employees (Kelly Thoman, Larry Dugger, and April Roberts) and Revolution misappropriated Equity's trade secrets, engaged in unfair competition, and tortiously interfered with Equity's business relationships when Thoman, Dugger, and Roberts left Equity's employment and began working for Revolution, a competitor, in April and June 2021. (Am. Compl., ECF No. 7.) Revolution filed an Answer denying Equity's allegations on December 29, 2021. (ECF No. 3.) Revolution filed the subject Motion on January 23, 2023, alleging that one of Revolution's former employees, Daniel Walker, left Revolution's employment and went to work for Equity in

December 2022, and that Equity engaged in tortious interference with Revolution's business relationships and unfair competition in connection with Mr. Walker's employment. (Revolution's Mot., ECF No. 39.) Revolution seeks leave to file a counterclaim arising out of Mr. Walker's departure and new employment with Equity. (*Id.*)

Because Revolution's counterclaim arises out of conduct that occurred after Revolution filed its Answer, Revolution's Motion is governed by Federal Rule of Civil Procedure 13(e) ("The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."). Motions under Rule 13(e) are governed by the same discretionary standard as motions for leave to amend the pleadings under Rule 15(a). *See, e.g.*, *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, No. 11-12557, 2013 WL 228097, at *1 (E.D. Mich. Jan. 22, 2013); *Napier v. Wal-Mart Stores E. L.P.*, No. 2:16-CV-00108-JRG, 2017 WL 3175883, at *1 (E.D. Tenn. Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 3175897 (E.D. Tenn. July 25, 2017); *Graves v. Standard Ins. Co.*, No. 3:14-CV-558-DJH, 2015 WL 13868376, at *1 (W.D. Ky. Aug. 18, 2015).

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits") (quoting *Teft*, 689 F.2d at 639). "Nevertheless, leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*,

633 F.3d 487, 495 (6th Cir. 2011) (cleaned up). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Here, Revolution undoubtedly could not have sought leave to assert its counterclaim significantly earlier than it did. However, as Equity points out, this case is already at an advanced stage, with discovery closing March 15, 2023, dispositive motions due March 31, 2023, and a jury trial scheduled for August 28, 2023. Permitting Revolution to assert its counterclaim now would prejudice Equity and cause undue delay by requiring a significant extension of the case schedule. Although Equity's claims and Revolution's proposed counterclaim assert similar types of causes of action and involve some of the same players, the transactions underlying each party's claims are entirely non-overlapping and would require entirely non-overlapping discovery efforts. Thus, judicial economy would not be served by joining both parties' claims in the same action. Further, Revolution remains free to assert its claims regarding Mr. Walker's departure in a separate action and accordingly will suffer no prejudice if it is not permitted to assert its counterclaim in this action. Therefore, the Court does not find that justice requires Revolution be permitted to assert its counterclaim. *See Ingram v. Joe Conrad Chevrolet, Inc.*, 90 F.R.D. 129, 134 (E.D. Ky. 1981) (denying leave to file supplemental counterclaim in part because "[t]he defendant is not barred from asserting this claim in another forum" and "[a]llowing the counterclaim to be served would complicate this action unduly"); *Wallace Sales & Consulting, LLC v. Tuopu N. Am., Ltd.*, No. 15-CV-10748, 2016 WL 5662065, at *5 (E.D.

3

Mich. Oct. 3, 2016) (denying leave to file supplemental counterclaim in part because "entirely new discovery would need to be conducted").[1]

In sum, for the foregoing reasons, Revolution's Motion for Leave to File Counterclaim (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court finds that leave to file the counterclaim is not warranted on grounds of prejudice and undue delay, the Court need not consider Equity's futility arguments.