UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUITY RESOURCES, INC.,
        Plaintiff,

v.

T2 FINANCIAL, LLC, D/B/A
REVOLUTION MORTGAGE,
        Defendant.

Case No. 2:21-cv-5922
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

### ORDER

This matter is before the Court on Defendant T2 Financial, LLC d/b/a Revolution Mortgage's "Motion for Bond – Revolution's Motion to Approve Appeal Bond and Stay Collection Pending Appeal." (ECF No. 158.) Plaintiff Equity Resources, Inc. responded to the Motion (ECF No. 160), and Revolution replied (ECF No. 161).

**I.    Background**

In March 2024, after a five-day trial, a jury returned a verdict in favor of Equity on its three claims for tortious interference with a business relationship, conversion, and misappropriation of trade secrets. (ECF Nos. 143, 146.) The jury awarded damages on Equity's conversion claim in the amount of $73,709.77. (ECF No. 143, PageID 3537.) Equity moved for an award of attorneys' fees, interest, and costs. (ECF No. 149.) The Court granted in part, and denied in part, Equity's motion and awarded Equity $257,862.19 in attorneys' fees and litigation costs. (ECF No. 155, PageID 3892.)

Soon after, Equity appealed the Court's Order as well as the "legally erroneous jury finding on the Conversion Count that ECF No. 155 incorporates[.]" (ECF No. 156, PageID 3893.) Equity now asks the Court to approve a bond in the amount of $331,571.96—the judgment of $73,709.77

1

plus the attorneys' fees award of $257,862.19—to stay the collection of the judgment pending the appeal. (ECF No. 158.)

## II.    Legal Standard

Unless a court issues a stay, the trial court's judgment takes effect despite a pending appeal. *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015). A litigant may stay the enforcement of a judgment by filing a motion under Rule 62 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).

The Rule "balances the interest of both parties by permitting 'an appellant to obtain a stay to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal.'" *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-146-TBR, 2019 U.S. Dist. LEXIS 96780, at *4 (W.D. Ky. June 10, 2019) (citing *Buckhorn Inc. v. Orbis Corp.*, No. 3:08-cv-459, 2014 U.S. Dist. LEXIS 122677, at *5 (S.D. Ohio Sep. 3, 2014) (Black, J.)). "[A]nd although the rule deprives the appellee of its right to immediately enforce its valid judgment, the bond provides 'both insurance and compensation to the appellee.'" *Id.* Since the Rule is intended to provide dual protection, a full bond covering the costs of the appeal, interest, and damages for delay is normally required. *Buckhorn*, 2014 U.S. Dist. LEXIS 122677, at *5.

The bond requirement under Rule 62(b) is flexible. *Gillispie v. City of Miami Twp.*, No. 3:13-CV-416, 2024 WL 897592, at *3 (S.D. Ohio Mar. 1, 2024), *reconsideration denied*, No. 3:13-CV-416, 2024 WL 1895434 (S.D. Ohio Apr. 30, 2024) (Rose, J.); *see Sofco Erectors, Inc. v. Trs. of Ohio Operating Eng'rs Pension Fund,* No. 2:19-CV-2238, 2021 WL 858728, at *2 (S.D. Ohio

2

Mar. 8, 2021) (Marbley, J.) (district courts have "discretion to fix the amount of the bond or waive the bond requirement").

### III. Analysis

Equity responds to Revolution's Motion and says that it "does not oppose, generally, the submission of an appeal bond and a stay of collection based on a properly noticed appeal." (ECF No. 160, PageID 3904.) But Equity argues that it does not consent to the scope of Revolution's appeal. (*Id.*) Equity also argues that Revolution's proposed bond "does not account for the $3,786.19, which has already accrued on the Judgment amount of $73,709.77, and its continuing interest rate of $10.11 per day following the annual compounding, nor the $33.17 in interest running per day stemming from the award of attorneys' fees and costs, which has already accrued to an additional $1,418.34." (*Id.* PageID 3904–05.) Revolution does not, however, propose its total preferred bond amount or provide support or explanation for the inclusion of the additional amounts above. (*Id.*)

The Court will not address Equity's argument regarding the scope of Revolution's appeal—that issue is better resolved by the Court of Appeals and is irrelevant to the instant Motion. Since Equity does not oppose the submission of an appeal bond, Revolution's Motion is **GRANTED**. The Court will award an additional $5,204.53 ($3,786.19 + $1,418.34) to Revolution's proposed bond of $331,571.96, to account for the interest that has accrued on the judgment and award of attorneys' fees and costs. Revolution shall post a bond in the amount of $336,776.49.

### IV. Conclusion

For the reasons above, Revolution's "Motion for Bond – Revolution's Motion to Approve Appeal Bond and Stay Collection Pending Appeal" is **GRANTED**. (ECF No. 158.) Revolution shall have **TEN DAYS from the date of this Opinion and Order to post bond in the amount**

**of $336,776.49.** The execution and collection of the monetary judgment shall be **STAYED** while the appeal is pending.

    **IT IS SO ORDERED.**

**4/29/2025**                                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                               **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**