## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 06, 2026

Ms. Molly S. Crabtree
Porter, Wright, Morris & Arthur
41 S. High Street
Suite 2800-3200
Columbus, OH 43215

Mr. Alexander Rogosa
Mitchell Sandler
2020 K Street, N.W.
Suite 760
Washington, DC 20036

Mr. Christopher Warren Tackett
Bailey Cavalieri
10 W. Broad Street
Suite 2100
Columbus, OH 43215

Ms. Graycen Wood
Baker Hostetler
200 Civic Center Drive
Suite 1200
Columbus, OH 43215-4138

Re: Case No. 25-3255, *Equity Resources, Inc. v. T2 Financial, LLC*
Originating Case No. 2:21-cv-05922

Dear Counsel,

The Court issued the enclosed opinion today in this case.

    Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                               Sincerely yours,

                                               s/Cathryn Lovely
                                               Opinions Deputy

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0009n.06

No. 25-3255

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 06, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| EQUITY RESOURCES, INC., <br>    Plaintiff-Appellee, <br>v. <br>T2 FINANCIAL, LLC, d/b/a Revolution Mortgage, <br>    Defendant-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO <br><br> OPINION |

Before: GIBBONS, STRANCH, and DAVIS, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Following a jury verdict in its favor, Equity Resources sought attorney's fees in the district court. The court granted the motion in part, awarding Equity reduced fees and costs, but denying it interest. T2 Financial ("Revolution") appeals, arguing that Equity is not entitled to fees and that the court erred in its award. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Equity and Revolution are competing mortgage lenders. In November 2021, Equity sued Revolution and three employees alleging that Revolution solicited Equity's former employees to steal trade secrets and use those secrets to divert mortgage loans from Equity to Revolution. Eventually Equity moved to dismiss all the individual employees as defendants. Equity proceeded to trial on three claims against Revolution: (1) tortious interference with a business relationship, (2) conversion, and (3) misappropriation of trade secrets under the Ohio Uniform Trade Secrets

No. 25-3255, *Equity Resources v. T2 Financial*

Act, Ohio Rev. Code § 1333.61 ("OUTSA"), and the Defend Trade Secrets Act, 18 U.S.C. § 1839 ("DTSA").

On March 22, 2024, after a five-day trial, the jury found for Equity on all three claims. By its verdict, the jury found the following

- **Verdict Form No. 1:** In favor of Equity on its misappropriation of trade secrets claim against Revolution, with an award of zero dollars in damages, and finding that Equity proved—by clear and convincing evidence—that Revolution's conduct was willful and malicious.

- **Verdict Form No. 2:** In favor of Equity on its tortious interference with a business relationship claim against Revolution, with an award of zero dollars in damages.

- **Verdict Form No. 3:** In favor of Equity on its conversion claim against Revolution, with an award of $73,709.77 in damages.

About a month after the verdict, Equity filed its Motion for Attorney Fees requesting an award of $565,798.43 in fees, interests on the fees, and $14,746.79 in costs. Revolution opposed the motion, and Equity replied. The district court granted in part and denied in part Equity's motion. Ultimately, the court awarded Equity $243,115.39 in fees and $14,746.79 in costs, but it denied interest. The granted fee award reflects a reduction to both the hourly rates and hours billed under the lodestar method, as well as an overall downward adjustment. On April 4, 2025, Revolution timely appealed the district court's order and final judgment regarding the fee award, referencing district court docket number ECF No. 155.

## II. LEGAL STANDARD AND ANALYSIS

There is no common law right to attorney's fees for a winning party. *McQueary v. Conway*, 614 F.3d 591, 596 (6th Cir. 2010). Under what is commonly referred to as the "American Rule,"

No. 25-3255, *Equity Resources v. T2 Financial*

the general practice is that each party pays its own fees unless a statute explicitly provides otherwise. *Buckhannon Bd. & Care Home v. W. VA. Dep't of Health and Hum. Res.*, 532 U.S. 598, 602 (2001). The statutes at issue here—DTSA and OUTSA—allow the awarding of attorney's fees in certain circumstances. DTSA states that if a "trade secret was willfully and maliciously misappropriated, [court's may] award reasonable attorney's fees to the prevailing party," 18 U.S.C. § 1836(b)(3)(D), and OUTSA states that "the court may award reasonable attorney's fees to the prevailing party, if . . . willful and malicious misappropriation exists," Ohio Rev. Code § 1333.64(C) (citation modified). Under the statutes, two inquiries guide this court's review of a district court's fee award: (1) whether a party prevailed and is entitled to fees and (2) whether the fees granted are reasonable. The threshold determination of prevailing-party status is reviewed de novo. *Freed v. Thomas*, 137 F.4th 552, 557 (6th Cir. 2025). The reasonableness of the district court's award of fees is reviewed for an abuse of discretion. *In re Flint Water Cases*, 63 F.4th 486, 501 (6th Cir. 2023). We consider each in turn.

### A. Prevailing Party Determination

Revolution maintains that Equity is not a prevailing party, arguing that the absence of a damages award on the misappropriation of trade secrets claim indicates the jury did not find that the trade secrets had economic value—a required element of the claims. *See* Ohio Rev. Code § 1333.61(D)(1); 18 U.S.C. § 1839(3)(B).

Almost a year after the court entered judgment on the jury verdict, Revolution filed a Notice of Appeal citing ECF No. 155, the district court's order on attorney's fees. Following language appealing ECF No. 155, the Notice references "the legally erroneous jury finding on the Conversion Count that ECF No. 155 incorporates, which is contained in the appealed Jury Verdict (ECF No. 143) and Clerk's Judgment (ECF No. 146)." This language apparently seeks to add an

No. 25-3255, *Equity Resources v. T2 Financial*

appeal of the merits into Revolution's appeal of the fee award. The parties dispute that jurisdiction exists to review this argument. We address this threshold matter first.

In *White v. New Hampshire Department of Employment Security*, the Supreme Court held that a request for attorney's fees is not a "motion to alter or amend the judgment," because it "raises legal issues collateral to the main cause of action," and is "uniquely separable from the cause of action to be proved at trial." 455 U.S. 448, 451–52 (1982) (citation modified). And in *Morgan v. Union Metal Manufacturing*, we addressed this distinction between an appeal of the merits of a case and an appeal of attorney's fees, reiterating this court's "unequivocal position" of allying itself "with those circuits which have held that a judgment is final for purposes of appeal although the amount of attorney fees have not been determined." 757 F.2d 792, 794 (6th Cir. 1985) (quoting *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir. 1980)). How *Morgan* applied that precedent to the facts is instructive here. Following dismissal of the plaintiff's complaint, the district court filed a single judgment detailing its dismissal and holding that the defendant was entitled to costs and attorney's fees from plaintiff. *Id.* at 793–94. The defendants moved for attorney's fees and costs, and the plaintiff moved for relief from the judgment, which the district court denied. *Id.* About one month after the court awarded fees and costs and four months after the judgment, the plaintiff appealed, arguing that both the award and dismissal were preserved because the court's judgment ruled on the merits and the entitlement to fees. *Id.* We held that the plaintiff "did not timely appeal the court's decision on the merits, and we are without jurisdiction to entertain his challenge to that decision." *Id.* at 795.

Revolution did not file a motion for a new trial below and did not timely appeal the jury verdict. Because attorney's fee awards are separate from a judgment on the merits, the timeliness clock on Revolution's appeal of the jury's verdict began when the clerk filed the judgment in the

-4-

No. 25-3255, *Equity Resources v. T2 Financial*

case on March 22, 2024, not when the district court awarded fees and costs on March 5, 2025. *See* Fed. R. App. P. 4(a)(7)(A). Jurisdiction over an appeal on the merits expired thirty days from the judgment's entry on March 22, 2024; accordingly, Revolution's appeal on the merits, dated April 4, 2025, is untimely. *See* Fed. R. App. P. 4(a)(1)(A). Because such time limit is "mandatory and jurisdictional," we will not review Revolution's appeal of the merits here. *Richland Knox Mut. Ins. Co. v. Kallen*, 376 F.2d 360, 363 (6th Cir. 1967).

We turn to the district court's determination of whether Equity is a prevailing party. The Supreme Court made clear that a party prevails when "a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties." *Lackey v. Stinnie*, 604 U.S. 192, 207 (2025). A party achieves a material alteration when it "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 538 (6th Cir. 2019) (alteration in original) (quoting *Hensley*, 461 U.S. at 433). Here, the jury found in Equity's favor on all three claims, thereby achieving the necessary material alteration. The jury also found that Revolution acted willfully and maliciously, satisfying the statutory threshold under OUTSA and DTSA necessary to be a prevailing party entitled to attorney's fees. *See* 18 U.S.C. § 1836(b)(3)(D); Ohio Rev. Code § 1333.64(C). We affirm the district court's holding that Equity is a prevailing party.

### B. Reasonable Fee Calculation

On the second inquiry, we review whether the district court's award was reasonable under the abuse of discretion standard. Revolution argues that because the jury awarded zero dollars in damages on the trade secret misappropriation claims, an award of fees was not within the district

-5-

No. 25-3255, *Equity Resources v. T2 Financial*

court's discretion.[1] Under this standard, "substantial deference is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Flint Water Cases*, 63 F.4th at 501 (6th Cir. 2023) (citation modified) (quoting *Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011)). A district court abuses its discretion when it incorrectly applies the law, relies on clearly erroneous factual findings, or uses the wrong legal standard. *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016).

Proper calculation of an attorney's fee award begins with multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. This "lodestar" figure is presumed to represent a reasonable fee. *Freed*, 137 F.4th at 557. The district court may choose to adjust the initial fee calculation based on several factors, the "most critical" being "the degree of success obtained." *Id.* (quoting *Hensley*, 461 U.S. at 434–36). "On appeal, we look for a concise but clear explanation of the court's reasons for the fee award." *Id.* (citation modified) (quoting *Husted*, 831 F.3d at 703). We review the district court's underlying factual findings for clear error. *Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 534 (6th Cir. 2008).

Before evaluating the district court's fee award calculation, we consider whether the district court could award attorney's fees to Equity despite the jury's verdict of zero damages on the trade secret claims. The statutory text of OUTSA provides that when a trade secret is willfully and maliciously misappropriated, the district court "*may* award reasonable attorney's fees to the prevailing party," Ohio Rev. Code § 1333.64(C) (emphasis added), and DTSA directs the district

---

[1] Revolution also argues that the district court abused its discretion because Equity's conversion claim was preempted, and the conversion verdict therefore cannot support an attorney's fee award. As explained above, this argument pertains to the final judgment and merits of the case, which Revolution failed to timely appeal, depriving this court of jurisdiction.

No. 25-3255, *Equity Resources v. T2 Financial*

court to "*award* reasonable attorney's fees to the prevailing party," 18 U.S.C. § 1836(b)(3)(D) (emphasis added).[2] Nothing in either statutory text suggests that the jury has to award damages to authorize the district court to award fees. The statutes require only a finding of willful and malicious misappropriation, which the jury found here.

Revolution argues that its position is supported by precedent from this court and Ohio courts. First, Revolution relies on ERISA cases, but these cases utilize a different fee-shifting analysis. *See Kennard v. Means Indus.*, No 11-cv-15079, 2017 U.S. Dist. LEXIS 120457, at *4–5 (E.D. Mich. Aug. 1, 2017); *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 939 (6th Cir. 1996). Even so, in *Foltice*, we made clear that "it would ill-behoove us to limit judicial discretion by creating a non-statutory presumption either for or against the award of attorney fees." 98 F.3d at 939. That is precisely what Revolution is seeking to do: presume, with no statutory basis, that a jury's failure to award damages strips the district court of its discretion to grant reasonable attorney's fees. These cases lend no support to Revolution's arguments.

Next, Revolution cites an Ohio state court decision, arguing that the court declined to award fees because the jury found little or no damages as a result of the defendant's misappropriation of trade secrets. *See Becker Equip. Inc. v. Flynn*, No. CA2002-12-313, 2004 WL 486219, at *2 (Ohio Ct. App. Mar. 15, 2004). But in *Becker*, the trial court declined to award punitive damages and attorney's fees because it found insufficient evidence of willful and malicious misappropriation under the statute. *Id.* On appeal, the Ohio court of appeals upheld that determination as a permissible exercise of discretion and found that there was "ample reason" for the trial court to refuse to award fees and damages, including the jury's award of nominal damages. *Id.* at *4. This

---

[2] The statutes detail other fee-shifting provisions, but they are not relevant to the facts of this case. *See id.*

No. 25-3255, *Equity Resources v. T2 Financial*

holding does not suggest that nominal or zero damages are dispositive. Rather, *Becker* affirmed the denial because the statutory threshold was not met, not because damages were absent.

Lastly, Revolution invokes § 1983 cases, including *Farrar v. Hobby,* 506 U.S. 103 (1992). The Supreme Court in *Farrar* recognized that although the "technical nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded" in civil rights litigation. *Id.* at 114 (citation modified). The Court reiterated that "the most critical factor" in measuring reasonableness is the "degree of success obtained." *Id.* (citation omitted). While damages are a permissible consideration, *Farrar* in no way suggests that a verdict of no damages bars an award of attorney's fees.

Moving to the district court's fee calculation, Revolution does not argue that the district court's lodestar was unreasonable, nor does it seek to further reduce the attorney's fees. And as we presume the court's lodestar to be a reasonable fee, the court's "concise but clear explanation" of its reasoning in reducing the fees to account for Equity's degree of success was within its discretion. *See Freed*, 137 F.4th at 557 (citation omitted). We affirm the district court's order.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order granting in part and denying in part Equity's Motion for Award of Attorney's Fees, Interest, and Costs.

-8-

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 25-3255

EQUITY RESOURCES, INC.,

    Plaintiff - Appellee,

v.

T2 FINANCIAL, LLC,

    Defendant - Appellant.

**FILED**
Jan 06, 2026
KELLY L. STEPHENS, Clerk

Before:  GIBBONS, STRANCH, and DAVIS, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Kelly L. Stephens, Clerk